IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE TAYBRON,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE CO. and DOES 1-50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-04066 JSW<br><br>**ORDER GRANTING ALLSTATE'S MOTION TO STAY THE PROCEEDINGS** |

The motion filed by defendant Allstate Insurance Company ("Allstate") to dismiss, for summary judgment, or to stay the proceedings is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 25, 2006 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants the motion to stay.

**BACKGROUND**

In this action, plaintiff Valerie Taybron ("Taybron") brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing relating to an insurance policy Taybron had with Allstate. In essence, Taybron alleges that Allstate failed to pay her the benefits owed to her under the insurance policy on her personal property that was damaged from a storm in November 2002.

In November 2003, Taybron filed an action in state court asserting claims based on the same insurance policy and damage from the same storm. (Allstate's Request for Judicial Notice ("RJN"), Ex. A.)[1] On May 12, 2005, Allstate filed a cross-complaint in the state court action for declaratory relief seeking a judgment: (1) that the insurance policy be declared void, (2) that the insurance policy does not cover Taybron's loss, and (3) that Allstate is entitled to restitution of any benefits paid to Taybron under the policy. (*Id.*, Ex. C.) On August 30, 2005, pursuant to the state court's request, Allstate voluntarily dismissed its cross-complaint. (*Id.*, Ex. E; Declaration of Sonia Martin, ¶ 6.) On September 30, 2005, the state court granted Allstate's motion for summary judgment against Taybron on her complaint. (RJN, Ex. F.) On November 7, 2005, the state court entered judgment and ordered that Taybron's complaint be dismissed with prejudice. (*Id.*, Ex. G.) On January 12, 2006, Taybron appealed the judgment which is currently pending. (*Id.*, Ex. H.)

## ANALYSIS

Based on the prior action in state court, Allstate now moves to dismiss, for summary judgment, or to stay the proceedings. Allstate argues that Taybron is barred from bringing the action in this Court based on res judicata, the compulsory cross-claim statute, California Code of Civil Procedure § 426.30, or collateral estoppel. Recognizing that under California law, a state court judgment is not final until the appeal is exhausted, Allstate, in the alternative, seeks a stay of these proceedings pending the completion of the state court appeal.

Because this is a diversity action, state law controls whether the earlier state court action has a preclusive effect on Taybron's complaint in this Court. *See Jacobs v. CBS Broadcasting, Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). Res judicata preludes litigation on claims that were raised or could have been raised in an earlier action. *State Farm Mut. Auto Ins. Co. v. Salazar*, 155 Cal. App. 2d Supp. 861, 864 (1957). Res judicata embraces two doctrines, claim preclusion

---

[1] The Court grants Allstate's request for judicial notice. *See* Fed. R. Evid. 201. Taybron did not file a brief in opposition to Allstate's motion. Instead, she merely filed a declaration by her counsel, Michael S. Sorgen, in which he argues about what the documents attached to Allstate's request for judicial notice convey. Allstate filed objections to Mr. Sorgen's declaration, contending that the declaration improperly asserts argument rather than facts and fails to lay a proper foundation. The Court sustains Allstate's objections.

and issue preclusion. *Pitzen v. Superior Court*, 120 Cal. App. 4th 1374, 1381 (2004). Issue preclusion bars a plaintiff from relitigating issues actually adjudicated in a prior proceeding. *Id*. Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. *Id*. To establish res judicata, a defendant must demonstrate (1) that there exists a final judgment on the merits in the earlier action, (2) that the issues in the first and second actions are identical, and (3) that the parties to the two actions are the same or in privity to a party in the first action. *Id*. Res judicata precludes matters which were raised, *or could have been raised*, in the prior proceeding. *Sutphin v. Speik*, 15 Cal. 2d 195, 202 (1940).

The only issue precluding this Court from dismissing Taybron's complaint based on res judicata is that the judgment from her action in state court is not yet considered final because her appeal of that judgment is still pending. *See Sosa v. DIRECTV*, Inc., 437 F.3d 923, 928 (9th Cir. 2006) (citation omitted) ("Under California law, ... a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal."). In the interests of judicial economy, the Court exercises its inherent power to stay these proceedings until the appeal of the state court action is resolved. *See Leyva v. Certified Grocers of California*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *see also Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 975 (N.D. Cal. 1995) ("in the interest of wise judicial administration, a federal court may stay its proceedings where a parallel state action is pending") (internal citation omitted). Accordingly, the Court grants Allstate's motion to stay.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion to stay this proceedings. The parties are HEREBY ORDERED to provide the Court with joint status reports setting forth the status of the pending state court litigation and the parties' expectations as to when the stay in this matter may be lifted or the case dismissed. The parties shall file the

first of these reports by no later than February 23, 2007, and shall file further status reports every 120 days thereafter until the stay is lifted or the case dismissed.

**IT IS SO ORDERED.**

Dated: August 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE